UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHALOM M. HARRIS,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

CASE NO. C15-1387-BAT

**ORDER DENYING PLAINTIFF'S MOTION TO ALTER EAJA FEE ORDER**

Plaintiff moves under Federal Rule 59(e) to alter the EAJA Fee Order, arguing the Court committed clear error of law. Dkt. 33. None of plaintiff's arguments hold water. Plaintiff argues the Court erred because defendant did not contest the reasonableness of plaintiff's fee. The law is otherwise. EAJA fees must be reasonable, 28 U.S.C. § 2412(d)(2)(A), and the court is required to independently review the fee request to determine its reasonableness—which is what the court did in reducing plaintiff's fee request. *See, e.g., Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

Plaintiff next argues the Court erred because counsel achieved an "excellent outcome," and because she prevailed on a single claim rather than one of many unrelated claims. This argument, like defendant's argument, leads to an unreasonable all-or-nothing result. Defendant argued that because this court and the court of appeals affirmed the ALJ on all but one claimed error, the government's position is substantially justified and **no** EAJA fees should be awarded.

Plaintiff argues the opposite—although she lost virtually all claimed errors, **all** fees must be awarded, just as if she had prevailed on all or most claimed errors. The Court previously rejected the parties' respective positions, and declines to alter its order. Moreover, plaintiff's arguments that she raised a single claim or achieved an excellent result are not persuasive.

Plaintiff sought review—appealed—the Commissioner's final decision finding her not disabled. Like most appeals, this case challenges an adverse decision arising from a single case. And like most appeals, the fact the matter arose from a single case does not mean all claims or issues presented are related or intertwined. This case is an example. If the claimed error upon which the court of appeals granted relief was related or intertwined with the other claims or issues, then the court would have reversed all of the ALJ's determinations. Instead, the court of appeals initially rejected **all** of plaintiff's issues or claims, Dkt. 20, and subsequently found the ALJ harmfully erred in only **one** respect: the ALJ failed to validly reject Dr. Hendriksen's opinion that plaintiff is markedly limited in interacting appropriately with supervisors. Dkt. 23.

The single error is not intertwined with or related to the ALJ's rejection of plaintiff's other claims that she is disabled due to physical limitations arising from obesity, plantar fasciitis, polycystic ovarian syndrome, trichotillomania, and diabetes. Nor is it related to plaintiff's claim the ALJ erred in rejecting other mental limitations. Plaintiff implies otherwise, arguing the court of appeals did not specifically reject her arguments in the second memorandum decision about her other limitations, and that the ALJ on remand can therefore consider all issues plaintiff raises. Dkt. 33 at 6.

The argument is off-point. The law of the case doctrine precludes a lower court on remand to reconsider issues decided explicitly or by necessary implication by a higher court. *See e.g Liberty Mut. Ins. Co. v. E.E.O.C*, 691 F.2d 438, 441 (9th Cir. 1982). This Court rejected

plaintiff's claims and issues and affirmed the ALJ's decision. The court of appeals memorandum order plainly found the ALJ erred in only one limited respect. The court of appeals did not reverse this court's decision as to the other claimed errors, and accordingly affirmed the ALJ's other determinations. Dkt. 23. Based upon the court of appeals' memorandum order this court issued the following remand order:

> The Ninth Circuit found that the ALJ failed to provide clear and convincing reasons supported by substantial evidence for rejecting Dr. Hendrickson's uncontroverted opinion that Ms. Harris showed marked limitations in interacting appropriately with supervisors, and that this error was not harmless. *Id.* Accordingly, the court now **REVERSES** the Commissioner's final decision and **REMANDS** this case for further proceedings before the Commissioner consistent with the Ninth Circuit's memorandum.

Dkt. 25. The scope of remand is thus limited to the reevaluation of Dr. Hendrickson's opinion about interaction with supervisors, and no more. Given the narrow scope of review on remand, plaintiff did not achieve "excellent success" as she claims. Dkt. 33 at 3.

In sum, Rule 59(e) provides an extraordinary remedy that should be used sparingly in the interests of finality and conservation of judicial resources, and this is not an extraordinary case. *See Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

DATED this 24th day of October, 2018.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge